IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Vernon Herndon, | ) | Case No. 5:22-cv-02747-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Birch and Ms. Serohi, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se amended complaint. ECF No. 12. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On November 9, 2023, Defendants filed a Motion for Summary Judgment. ECF No. 60. On November 13, 2023, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately.[1] ECF No. 61. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. On December 20, 2023, the Magistrate Judge granted Plaintiff additional time to file a response to the pending Motion for Summary

---

[1] The Court notes that several pieces of mail sent to Plaintiff, including the *Roseboro* order and the Report, have been returned as undeliverable. Plaintiff was specifically informed that it is his responsibility to keep the Court apprised of his current address. ECF No. 17.

Judgment. ECF No. 66. Plaintiff did not file a response to the Motion for Summary Judgment.

On January 24, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.[2] ECF No. 68. The Magistrate Judge advised the Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo*

---

[2] In the Report, the Magistrate Judge stated that the order granting Plaintiff additional time to respond to the Motion for Summary Judgment had not been returned as undeliverable. That was true at the time; however, that order was also returned as undeliverable after the issuance of the Report.

review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Accordingly, this action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Motion for Summary Judgment [46] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 25, 2024
Spartanburg, South Carolina